# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 26-CV-03502 (RER)

———————————————

VENANCIO DE JESUS ESPINAL FRIAS

VERSUS

RAUL MALDONADO, JR., TODD M. LYONS, MARKWAYNE MULLIN, AND TODD BLANCHE

———————————————

**SUMMARY ORDER**

———————————————

**RAMÓN E. REYES, JR., District Judge:**

Petitioner Venancio De Jesus Espinal Frias ("Petitioner" or "Espinal Frias"), a native of the Dominican Republic who has resided in the United States for twenty years, was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers on January 28, 2026. (ECF No. 1 ("Pet.") at 2, 6, 8). Petitioner was initially held at the Central Islip holding room, then transferred to the Metropolitan Detention Center ("MDC") in Brooklyn on February 4, 2026, where he has been held since. (Pet. at 2, 8; ECF No. 6 ("Resp.") at 2).

On March 26, 2026, Espinal Frias filed a petition for writ of habeas corpus, which he voluntarily dismissed on May 19, 2026. *Espinal Frias v. Maldonado, et al.*, E.D.N.Y. 26-CV-1810 (EK), ECF Nos. 1, 8.

Espinal Frias filed a second petition for a writ of habeas corpus on June 11, 2026, seeking, *inter alia*, release from custody. (Pet. at 19–20). On July 1, 2026, the Court held a hearing on the petition. (ECF No. 9). After carefully reviewing the record, and for the

reasons set forth herein and on the record at the July 1, 2026, hearing, the petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction.

On April 23, 2026, an immigration judge ordered Espinal Frias "removed from the United States to the Dominican Republic." (ECF No. 7-13 at 2). The Government states that Espinal Frias "failed to file an appeal by the May 26, 2026 deadline, rendering the Petitioner's removal order administratively final on that date." (Resp. at 2). Further, Espinal Frias is detained under 8 U.S.C. § 1231(a) and the "sole impediment" to his removal is this Court's June 12, 2026, order to show cause. (*Id.*) Petitioner does not dispute that he is subject to a final order of removal.

The Court does not have jurisdiction over Espinal Frias' petition for writ of habeas corpus. "The REAL ID Act of 2005 amended the immigration laws to strip district courts of jurisdiction over habeas corpus petitions that challenge final orders of removal." *Hernandez-Bran v. Todd Blanche, et al.*, No. 26-CV-3388 (HG), 2026 WL 1831902, at *3 (E.D.N.Y. June 25, 2026) (citing *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011). The Government contends that Espinal Frias' petition is jurisdictionally barred by 8 U.S.C. §§ 1252(a)(5), (b)(9), (g). (Resp. at 4–9). Several courts in this District have held that "Sections 1252(a)(5), (b)(9), and/or (g) bar claims to enjoin ICE from detaining an individual for the purpose of removal." *Hernandez-Bran*, No. 2026 WL 1831902, at *4 (collecting cases). The Court agrees.

The relevant statutory provisions at issue are as follows. "Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5).

"Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an [non-citizen] from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any [non-citizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [non-citizen] under this chapter." 8 U.S.C. § 1252(g).

Accordingly, Espinal Frias' petition for writ of habeas corpus is DISMISSED for lack of jurisdiction. (ECF No. 1). The Court vacates its prior order prohibiting the Government from removing Petitioner from the United States. (ECF No. 2).

The Clerk of Court is respectfully directed to enter judgment and close the case.


SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 16, 2026
        Brooklyn, New York

3